# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-409V
(Filed:  February 12, 2014)

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DALAN DAHL and ELIZABETH DAHL,   * <br> as the natural parents of and on behalf of   * <br> their daughter, LD, a minor (deceased),   * <br>   * <br> Petitioners,   * <br>   * <br> v.   * <br>   * <br> SECRETARY OF HEALTH   * <br> AND HUMAN SERVICES,   * <br>   * <br> Respondent.   * <br>   * | UNPUBLISHED <br><br> Special Master Dorsey <br><br><br><br><br> Decision on Proffer; Damages; <br> Measles, mumps, and rubella <br> (MMR) vaccine; death. |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Leonard John Mark</u>, Tiffany & Bosco, PA, Phoenix, AZ, for petitioners.
<u>Ryan Daniel Pyles</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On June 18, 2013, Dalan and Elizabeth Dahl (petitioners) filed a petition on behalf of their daughter, LD, pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioners alleged that LD  received a measles, mumps, and rubella ("MMR") vaccine on June 6, 2011, and thereafter developed symptoms that led to her death on June 18, 2011.  Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent has conceded that petitioners have satisfied all legal prerequisites for compensation under the Vaccine Act and recommends that compensation be awarded to petitioners.

Informed by respondent's concession that an award of damages is appropriate, the undersigned finds that petitioners are entitled to compensation under the Vaccine Act.

On February 11, 2014, respondent filed a Proffer on Award of Compensation (Proffer). In the Proffer, respondent represented that petitioners agree with the proffered award.  Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, the undersigned awards petitioners:

**A lump sum of $250,000.00, in the form of a check payable to petitioners**.  This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Proffer ¶ 1.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DALAN and ELIZABETH DAHL, as the
natural parents of and on behalf of their
daughter, LEXI DAHL, a Minor (deceased),

                Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 13-409V
Special Master Nora Beth Dorsey
ECF

## PROFFER ON AWARD OF COMPENSATION

Respondent proffers that, based on the evidence of record, petitioners should be awarded a lump sum of $250,000.00 in the form of a check payable to petitioners for all damages available under 42 U.S.C. § 300aa-15(a).  Petitioners agree.

Petitioners represent to respondent that, under Arizona law A.R.S. §14-2103, by virtue of being the surviving natural parents of Lexi Dahl, they are the sole intestate heirs of Lexi Dahl and are therefore entitled to receive the above award, as the legal representatives of Lexi Dahl's estate.

                Respectfully submitted,

                STUART F. DELERY
                Assistant Attorney General

                RUPA BHATTACHARYYA
                Director
                Torts Branch, Civil Division

                VINCENT J. MATANOSKI
                Deputy Director
                Torts Branch, Civil Division

CATHARINE E. REEVES
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847

DATED: February 11, 2014